## 10119

### YOUNG v. YOUNG ET AL.

(97 S. E. 839.)

1. ESTOPPEL—ESTOPPEL BY DEED—TITLE TO REALTY.—Where plaintiff in a partition suit, together with all the defendants, has joined in a deed conveying the land to a third party, who devised it to the parties in the partition suit, plaintiff, nothing else appearing, is estopped to assert title in contradiction of the deed.

2. DEEDS—GROUNDS—FRAUD — SUFFICIENCY.—In partition, where plaintiff sought to void a deed by her to her father, 20 years before, on the ground of fraud, evidence *held* insufficient to overthrow the deed.

3. CANCELLATION OF INSTRUMENTS—GROUNDS—LACHES.—One seeking to
set aside a deed, given by her 20 years before, on the ground of
fraud is barred by laches, where it is shown that the facts must
have been known to her, as she signed under protest.

Before SHIPP, J., Greenwood, April term, 1918.   Re-
versed.

Action by Mary E. H. Young against John Williams
Young and others.   From a decree setting aside a verdict
for plaintiff and awarding a new trial, plaintiff appeals.

*Messrs. Grier, Park & Nicholson,* for appellant, submit:
*Where a new trial is granted on legal grounds an appeal will
lie:* 107 S. C. 501.   *The testimony establishes that the man-
ner in which deed was obtained from plaintiff operates as a
fraud on her rights, and the deed is void:* 92 S. C. 384; 89
S. C. 268.   *Plaintiff had the right to attack the deed for
fraud when offered in evidence without pleading it:* 93
S. C. 167; 38 S. C. 277; 83 S. C. 340; 97 S. C. 124.   *As to
what is necessary to constitute equitable estoppel:* 97 S. C.
116; 96 S. C. 106; 84 S. C. 430.   *Act done after party's
position has been taken or changed will not avail as ground
for estoppel:* 70 S. C. 195; 84 S. C. 431.   *Deed was
obtained upon a misrepresentation as to what it was and the
effect of it; a misrepresentation, both of law and fact:* 92
S. C. 384; 106 S. C. 332; 87 S. C. 2; 89 S. C. 268.

*Mr. W. N. Graydon,* for respondent, submits: *That the
lapse of twenty years is sufficient to raise presumptions
enough to quiet title:* 1 Hill's Chancery 380; 17 S. C. 481.
*It is the duty of any person called on to sign a paper to read
the paper before signing it, and if they do not read it then
they are bound by the terms of it:* 103 S. C. 494.   *As to
estoppel:* 31 S. C. —; 77 S. C. 191-192.   *Ignorance is no
excuse:* 12 S. C. 354.

January 18, 1919.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

Action for the partition of some 600 acres of land. The complaint alleges that the plaintiff was owner of an undivided one-eighth interest, and that each of the other seven defendants, brothers and sisters of the plaintiff, were seized of a like title. The land is alleged to have been the property of Rebecca, and the parties plaintiff and defendants, her children and heirs at law. The answer, in brief and in necessary effect, alleges that the land was not Rebecca's; but it was the property of her husband, Samuel (who survived Rebecca), and that it was devised by Samuel to the parties, plaintiff and defendants, and they hold it by that title, and not as heirs of Rebecca. And that is the sole issue made by the pleadings.

The particular link in the chain of title set up by the defendants, and which makes the issue, is a deed to the land in dispute made by the eight children to Samuel in 1895, the plaintiff amongst them. If that deed is sustained, then confessedly this action for partition fails, for the plaintiff may not now have that which she has aforetime conveyed away.

The history of the devolution of title is this: Samuel owned 1,200 acres and Rebecca owned 600 acres of land; Rebecca died intestate in 1894, and left Samuel and the eight children as her heirs at law; in 1895 the eight children by a deed prepared by the late Hon. James C. Klugh, conveyed to Samuel "all our right, title and interest, being one undivided twelfth part to each of us and amounting to two-thirds in the aggregate, in and to the following described tracts of land;" and in the same year, 1895, and subsequent to the execution of the deed to him, Samuel executed his will, prepared also by Hon. J. C. Klugh, and thereby devised "all the lands of which I may die seized" to his eight children, upon limitations not relevant to recite. Samuel died in 1902.

By a procedure which the case does not disclose, the issue of title was submitted to a jury; and the jury returned a verdict for the plaintiff for one-eighth of the 600 acres.

The Court set the verdict aside and directed a new trial to be had. The order to that end concludes with these words:

"I should have directed a verdict for defendants—I think plaintiff is now clearly estopped under the undisputed facts in the case from now asserting any claim of title through her mother. There must be a new trial; and it is so ordered."

The plaintiff has made three exceptions to the order, and the defendants have set out six grounds for sustaining the order. It is not worth while to recite particularly these nine suggestions. Both sides expressed the desire at the bar that we should hold: (1) That the testimony makes a conclusive case of estoppel to the plaintiff; or (2) that it does not. In the first alternative the Circuit Court ought to have directed a verdict for the defendants; in the second alternative the Court ought to have sustained the verdict.

The Court was inclined to direct a verdict for the defendants, but expressed some doubt about it, and sent the issue of title to the jury. If the Court ought, under the undisputed testimony, to have directed a verdict, then a direction ought yet to be had.

The issuable deed before referred to unmistakably conveyed to Samuel the title which descended to the plaintiff from her mother, Rebecca; and, nothing else appearing, that act, the making of the deed, estops the plaintiff to now assert title in herself. The plaintiff was bound, therefore, to avoid that deed. The testimony she offered to prove that the making of it was induced by the fraud of her father totally failed of its purpose. A transaction betwixt a father and his eight children, done 20 years aforetime may not be undone on so flimsy a proof. And especially is that true when the transaction is aspersed by a charge of fraud by the child.

This is the pith of the plaintiff's testimony: "I never saw this deed until I saw it here in Court. I signed it, but I

didn't know what it was.   I did not receive a cent for it. I did not know it was a deed at all.   I did not read it over.   It was already prepared when it was brought to me by my father, Mr. Creswell, and Mr. Brown. My father handed me the paper.   I hesitated to sign it.   He made some explanation after I refused to sign it.   Relying on his explanation, I signed it."

There cannot be two opinions about whether that sort of testimony tends even to upset a deed 20 years old.   The estopped is not so much *in pais,* and arising out of the conduct of the children the plaintiff included with reference to the use of the land since their father's death.   The deed itself of March, 1895, by the children to Samuel, estops them to assert the contrary of it; and the integrity of that deed has not been at all shaken.

More than this, the plaintiff signed this deed; so she expressly testified.   She testified, it is true, that she did not know what it was she signed.   But she knew she had performed an act, and one which was distasteful to her. She so testified.   It was, therefore, the more her duty before the lapse of 20 years to assail the transaction, for she had express knowledge of the character of it, for she first refused to sign it.   She is barred now by her laches to assail the deed.   *Wagner v. Sanders,* 62 S. C. 73, 39 S. E. 950.

The order below is reversed, with direction to enter a verdict for the defendants.